IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEANNA LEE EMLET                                                               PLAINTIFF

v.                                  CIVIL NO. 04-5269

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Deanna Lee Emlet brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on January 7, 2003, alleging an inability to work since January 7, 2003, due to carotid artery stenosis, diabetes mellitus, blindness in the left eye, depression and anxiety. (Tr. 57-59, 210-212). An administrative hearing was held on November 21, 2003. (Tr. 224-280). Plaintiff was present and represented by counsel.

By written decision dated April 27, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 19). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of

AO72A
(Rev. 8/82)

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform the exertional requirements of a significant range of light work. (Tr. 19). The ALJ further found plaintiff was limited by occasional field of vision and depth perception; occasional crouching, kneeling, crawling and balancing; occasional feeling with both hands and both feet; and frequent fingering in both hands. The ALJ further found plaintiff was restricted from working around ropes, ladders, scaffolds, driving and being around moving machinery. From a mental standpoint, the ALJ found plaintiff suffers from memory problems and is limited to simple one and two step tasks. (Tr. 19). With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a cashier and a housekeeper. (Tr. 20).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on August 10, 2004. (Tr. 3-5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 7,8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

3

economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

4

The ALJ, in concluding that plaintiff could perform a significant range of light work, relied on RFC assessments completed by a non-examining, medical consultant, indicating plaintiff could perform light work.[1] (Tr. 162-170). We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

A review of the medical record shows that in February of 2003, Dr. John B. Weiss noted plaintiff was a diabetic who developed total blindness in her left eye probably as a result of a retinal artery occlusion. (Tr. 174). Dr. Weiss noted plaintiff's left internal carotid artery was occluded and she had up to sixty percent occlusion in her right carotid artery. The ALJ noted plaintiff's physicians opted to treat her occlusion with medication, he failed to address plaintiff's testimony that she experienced numbness in her hands and pain in her legs which are symptoms associated with carotid artery occlusion.[2] (Tr. 246, 255, 264). We note, neither Dr. Weiss nor any of plaintiff's treating physicians completed a RFC assessment for the relevant time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984.) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). Based on the

---

[1] We note, Dr. R.W. Beard checked the box indicating plaintiff had no visual limitations but then wrote in that plaintiff was blind in her left eye. (Tr. 165, 169).

[2] Symptoms of carotid artery blockage include: weakness of the arm, leg, or face on one side of the body; inability to move the arm, leg, or face on one side of the body (paralysis); numbness, tingling, or noticeable change in the sensation of the arm, leg, or face on one side of the body; difficulty swallowing; loss of all or part of vision (blindness) in one eye; slurred speech or inability to speak; dizziness (vertigo); confusion, fainting, or coma; stroke with complete recovery (TIA); and severe blockage without any symptoms at all.
*http://www.nlm.nih.gov/medlineplus/ency/article/002951.htm*

5

current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

We believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Drs. Weiss and Jim Sharp--asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and her mental RFC. To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ noted plaintiff was being treated for depression with Lexapro and that she reported experiencing memory problems. He then found plaintiff had no restrictions of her activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties maintaining concentration, persistence or

6

pace; and no episodes of decompensation of extended duration. A review of the record fails to reveal that a mental RFC assessment was completed by any medical professional. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

## **Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 28th day of November 2005.

/s/ Beverly Sties Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

7

AO72A
(Rev. 8/82)